(No. 2257—)

TRI-CITY RAILWAY COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

THOS. P. SINNETT AND J. HAYS BRITTON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed its complaint herein on November 1, 1933, and seeks to recover the sum of $1,737.50 which it claims to have paid as a franchise tax for the year beginning July 1, 1933 and ending June 30, 1934, in excess of the amount which it was legally required to pay under the terms and provisions of The General Corporation Act of 1919, as amended.

It appears that on February 27, 1933 the claimant, in accordance with the law then in force, filed its annual report with the Secretary of State, in which it stated that the issued capital stock of the Company was $3,495,000.00. Based upon such statement, the amount of the franchise tax due from the claimant under the then existing law was $1,747.50. Notice of the amount of such tax was forwarded by the Secretary of State to claimant under date of May 15, 1933, and was received by it on June 15, 1933. Shortly thereafter claimant issued its check, payable to the Secretary of State, for the sum of $1,747.50 in full payment of the tax as so assessed. Such check was received by the Secretary of State on June 22, 1933, and subsequently cashed.

On June 16, 1933 a meeting of the stockholders of claimant corporation was held, and a resolution adopted decreasing the amount of the issued capital stock from 34,950 shares of the par value of $100.00 each, to 100 shares of the par value of $100.00 each;—such decrease being effected in the following manner, to-wit:—by the surrender of the 34,950 issued shares of capital stock, by the holders thereof, and the issue to them in lieu thereof of 100 shares of the par value of $100.00 each, so that each holder received 10/3495ths of a share of stock for each share previously held; and by the creation of a capital surplus of $3,485,000.00.

Pursuant to such resolution claimant made application in regular form to the Secretary of State for a reduction of its capital stock, and on June 29, 1933 the Secretary of State issued his certificate under the seal of the State, setting forth that the claimant had legally decreased its stock as set forth in the aforementioned resolution.

On the same date the Secretary of State also issued and subsequently mailed to the claimant a corrected statement showing a franchise tax due and owing from claimant in the amount of $10.00 on all of its issued capitalization of $10,000.00. Sometime during the early part of July, 1933 claimant received this corrected statement and on July 20, 1933 issued its check in payment therefor. Thereafter and on the 22nd day of July, 1933, the Secretary of State wrote claimant in part as follows:

"As it would appear that above company paid franchise tax under date of June 22, I am returning check for $10.00."

Thereafter some correspondence was had between the claimant and its attorneys on the one hand, and the Secretary of State on the other, relative to the matter, and on August 1, 1933 the Secretary of State advised the attorneys for the claimant in part as follows:

"The practice has obtained in this office where a decrease is made on or before June 30 that the company is assessed on the new capital stock for the year following.

"Since, however, these fees were paid before the companies decreased their capital stock and have been turned into the State treasury it would appear that the only way they could be recovered at this time would be by filing a bill in the Court of Claims."

The legal principles involved in this case are fully set forth and discussed in the case of *Moline-Rock Island Mfg.*

*Co.* vs. *State,* No. 2256, in which case the facts are almost identical with the present case, and the law as there laid down applies with equal force to this case.

In that case we held that the claimant was entitled to an award for the amount of the franchise tax overpaid by it; and for the reasons there set forth we hold that the claimant in this case is entitled to an award for the amount so overpaid by it.

Award is therefore entered in favor of the claimant for the sum of Seventeen Hundred Thirty-seven Dollars and Fifty Cents ($1,737.50).